```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
                                      :   SEALED SUPERSEDING
UNITED STATES OF AMERICA              :   INDICTMENT
                                      :
          - v. -                          S2 21 Cr. 295 (AT)
                                      :
ION VIOREL IONITOIU,
     a/k/a "Ion Viorel Cardel,"       :
     a/k/a "Jon Snow,"
     a/k/a "Yanus,"                   :
     a/k/a "2,"
     a/k/a "Mequbbal,"                :
KAROL KAMINSKI,
STANISLAV TUNKEVIC,                   :
ARTURAS GILYS, and
SVETLANA VAIDOTIENE,                  :

                  Defendants.         :

- - - - - - - - - - - - - - - - - - - X
```

## COUNT ONE

**(Conspiracy to Commit Bank Fraud)**

The Grand Jury charges:

### The Defendants and Their Co-Conspirators

1. At all times relevant to this Superseding Indictment, ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," the defendant, was a citizen of Romania and a resident of Spain. IONITOIU used the services of a money laundering ring based in Brooklyn, New York, managed by a co-conspirator not named as a defendant herein ("CC-1's Money Laundering Operation"), to launder criminal proceeds derived from a scheme to defraud

vehicle buyers (the "Vehicle Consumer Fraud Scheme"), as set forth below. At various times relevant to this Superseding Indictment, IONITOIU also traveled to New York City to collect fraud proceeds laundered by CC-1's Money Laundering Operation.

2. At all times relevant to this Superseding Indictment, CC-1, a resident of Brooklyn, New York, was as an organizer of so-called "money mules," or co-conspirators who opened bank accounts for the purpose of laundering criminal proceeds from the Vehicle Consumer Fraud Scheme.

3. At all times relevant to this Indictment, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, were citizens and residents of Lithuania. At various times relevant to this Indictment, KAMINSKI, TUNKEVIC, GILYS and VAIDONTIENE traveled to the United States under the Department of Homeland Security's Visa Waiver Program and were given a waiver-tourist ("WT") status. WT visitors are not allowed to be employed or to conduct business in the United States. KAMINSKI, TUNKEVIC, GILYS, and VAIDONTIENE served as money mules for CC-1's Money Laundering Operation.

**The Fraudulent Scheme**

4. Beginning at least in or about March 2019, ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," KAROL KAMINSKI,

2

STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, and other co-conspirators not named as defendants herein, participated in a conspiracy to launder the proceeds of the Vehicle Consumer Fraud Scheme by creating shell companies (the "Shell Companies") and opening bank accounts in the name of the Shell Companies (the "Mule Accounts") in order to launder a total of more than $5 million in fraud proceeds.

5.   To carry out the Vehicle Consumer Fraud Scheme, co-conspirators not named as defendants herein (collectively, the "Fake Sellers") posted fraudulent online advertisements for cars, trucks, and other means of transportation (collectively, the "Fake Vehicles") that the Fake Sellers did not actually own and were not authorized to sell.  The Fake Sellers advertised the Fake Vehicles in various ways.  In some cases, the Fake Sellers created or caused other co-conspirators not named as defendants herein to create fraudulent websites with domain names that sounded like car dealerships on which to advertise the Fake Vehicles.  In other cases, they registered new accounts on online forums, such as eBay and Craigslist, or hacked into existing accounts belonging to other people, in order to place fraudulent advertisements.  Interested buyers (collectively, "Victims") who saw the advertisements contacted the email addresses and/or telephone numbers posted in the advertisements.  After communicating with one or more of the Fake Sellers, the

Victims were duped into pre-paying for the advertised vehicle without first seeing the merchandise in person.

6. ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," the defendant, worked with one or more of the Fake Sellers. As a part of the fraudulent scheme, IONITOIU contacted CC-1 and instructed CC-1 to establish multiple Mule Accounts for the purpose of receiving fraudulently induced payments, usually via wire transfers, from the Victims. IONITOIU also provided CC-1 with details of the expected wire transfers from Victims. After completing their payments, Victims were left empty-handed, without ever receiving the vehicles they thought they had purchased or any refund of the purchase price.

7. As a further part of the fraudulent scheme, under the supervision of ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," the defendant, and CC-1, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, and other co-conspirators not named as defendants herein, who also served as money mules, held themselves out as principals of the Shell Companies and opened multiple Mule Accounts in the names of those Shell Companies, knowing that the Mule Accounts would receive criminal proceeds, in exchange for a cut of the fraud proceeds. KAMINSKI, TUNKEVIC, GILYS, and

4

VAIDOTIENE did so even though their WT status did not permit them to conduct business in the United States.

8. As a further part of the fraudulent scheme, in order to open their Mule Accounts, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, knowingly used and caused to be used counterfeit documents, such as fraudulent utility bills and bank account statements, as proof of identity and/or U.S. residence, and misled the banks into believing that the Mule Accounts would be used for legitimate business purposes.

9. Each Mule Account was opened with a small amount of cash and remained open for just weeks or a few months, during which time the Mule Account received one or several wire transfers of between $10,000 and $100,000 from Victims. The transferred funds were quickly withdrawn, primarily in the form of cash. In total, CC-1's Money Laundering Operation laundered over $5 million derived from the Vehicle Consumer Fraud Scheme, the bulk of which was never returned to the Victims. At least approximately $3.5 million of that sum was attributable to ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," the defendant.

**Statutory Allegations**

10. From at least in or about March 2019, up to and including at least in or about April 2021, in the Southern District of New York and elsewhere, ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

11. It was a part and object of the conspiracy that ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, IONITOIU, KAMINSKI,

TUNKEVIC, GILYS, and VAIDOTIENE opened, and caused to be opened, bank accounts for the purpose of laundering criminal proceeds by using fraudulent identification documents and by misrepresenting the purpose of the accounts on account opening documents, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

**(Conspiracy to Commit Money Laundering)**

The Grand Jury further charges:

12. The allegations contained in Paragraphs 1 to 9 of this Superseding Indictment are repeated and realleged as if fully set forth herein.

13. From at least in or about March 2019, up to and including at least in or about April 2021, in the Southern District of New York and elsewhere, ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

14. It was a part and an object of the conspiracy that ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon

7

Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

15. As a result of committing the bank fraud conspiracy offense alleged in Count One of this Superseding Indictment, ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the

commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

        a.   All funds in Santander Bank account number 5421178560, held in the name of "Peakaut, Inc."

16. As a result of committing the money laundering conspiracy offense alleged in Count Two of this Superseding Indictment, ION VIOREL IONITOIU, a/k/a "Ion Viorel Cardel," a/k/a "Jon Snow," a/k/a "Yanus," a/k/a "2," a/k/a "Mequbbal," KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the following specific property:

        a.   All funds in Santander Bank account number 5421178560, held in the name of "Peakaut, Inc."

### Substitute Assets Provision

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

     (Title 18, United States Code, Section 982;
     Title 21, United States Code, Section 853; and
     Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

10

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

ION VIOREL IONITOIU,
    a/k/a "Ion Viorel Cardel,"
    a/k/a "Jon Snow,"
    a/k/a "Yanus,"
    a/k/a "2,"
    a/k/a "Mequbbal,"
KAROL KAMINSKI,
STANISLAV TUNKEVIC,
ARTURAS GILYS, and
SVETLANA VAIDOTIENE

---

SEALED SUPERSEDING INDICTMENT

S2 21 Cr. 295 (AT)

(18 U.S.C. §§ 1349 and 1956(h))

DAMIAN WILLIAMS
United States Attorney.

*[Handwritten annotations:]*
*Foreperson*
*Sealed Superseding Indictment*
*Arrest Warrant Issued.*
*KL 2/2/22*
*Stewart D. Aaron*
*J.S.M.J.*